UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IDEARC MEDIA CORP.,<br><br>          Plaintiff,<br><br>     v.<br><br>ADVANCED DIRECTORY SALES,<br>INC., JAMES DIBEASE, JOHN<br>DOE(S) 1-10, and ABC<br>COMPANY(S) A-Z,<br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-1034<br>(JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

GOLDBERG SEGALLA LLP
By: David S. Osterman, Esq.
301 Carnegie Center Drive, Suite 101
Princeton, NJ 08540
     Counsel for Plaintiff

WHITE AND WILLIAMS LLP
By: Michael O. Kassak, Esq.
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
     Counsel for Defendants Advanced Directory Sales, Inc. and
     James DiBease

**IRENAS**, Senior District Judge:

     Presently before the Court is the Motion by Defendants Advanced Directory Sales, Inc. ("ADS") and James DiBease to Dismiss Counts 5 and 6 of the Complaint or, alternatively, for a More Definite Statement. For the reasons that follow, the motion will be granted with respect to Count 5, and denied as to Count

6.[1]

## I.

### A.

The factual recitation that follows accepts as true the facts as alleged in the Complaint. Plaintiff Idearc Media Corp. ("Idearc") is a media company, headquartered in Texas, that manages and delivers print, online, and wireless publishing and advertising services. (Compl. ¶¶ 1, 7)  Defendant ADS is a New Jersey corporation owned, controlled, and/or operated by Defendant DiBease, and engaged in the business of marketing and selling advertising. (Compl. ¶¶ 8, 9, 15)

Pursuant to a contractual agreement,[2] Idearc placed advertisements in publications, including the Yellow Pages, at the request of ADS and DiBease. (Compl. ¶ 17)  ADS and DiBease were contractually required to remit payment to Idearc in consideration for placing those advertisements, but failed to do so. (Compl. ¶¶ 17, 26)  A sum of $716,216.73 is owed to Idearc for the advertisements. (Compl. ¶ 27)

ADS and DiBease created unknown entities of uncertain business form — identified in the Complaint as "John Doe(s) 1-10

---

[1] The Court has subject matter jurisdiction under 28 U.S.C. § 1332. Venue is proper in this Court under 28 U.S.C. § 1391(a).

[2] According to Idearc, section 26.5 of the contractual agreement — a document which has not been provided to the Court — dictates that "all claims are to be pursued under Texas law." (Compl. ¶ 23)  The current motion does not require the Court to address the choice of law issues that may ultimately be presented by that contractual provision.

and ABC Company(s) A-Z" — to engage in the business of marketing and selling advertising. (Compl. ¶¶ 10, 11)  The unnamed defendants are owned, controlled, and/or operated by DiBease or his spouse, and were formed to avoid the obligation of ADS and DiBease to remit payment to Idearc for services rendered. (Compl. ¶¶ 12-14)

**B.**

Idearc initiated this action by filing a Complaint on March 5, 2009.  The Complaint alleges six counts against Defendants, captioned as follows: (1) Book Account; (2) Breach of Contract; (3) Breach of Implied Contract; (4) Unjust Enrichment; (5) Fraudulent Misrepresentation; and (6) Piercing the Corporate Veil.

ADS and DiBease now move to dismiss Count 5 for failure to plead fraud with specificity as required under Fed. R. Civ. P. 9(b), and to dismiss Count 6 for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Alternatively, ADS and DiBease seek a more definite statement as to those counts, pursuant to Fed. R. Civ. P. 12(e).

**II.**

A party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  A plaintiff must "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on

notice of the 'precise misconduct with which [it is] charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004)). Plaintiffs can satisfy the requirements of Rule 9(b) by "pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Lum*, 361 F.3d at 224 (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). A plaintiff must also "allege who made a representation to whom and the general content of the misrepresentation." *Id.*

Count 5 of the Complaint fails to plead fraud with the requisite specificity. Idearc's allegations do not indicate the date, time, or place of the purported fraudulent misrepresentations. Nor does Idearc employ an alternative means of injecting precision into its fraud allegations. Thus, the Motion to Dismiss will be granted as to Count 5. Idearc will be granted leave to amend Count 5 to comply with Fed. R. Civ. P. 9(b).

### III.

#### A.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007); see also Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.

The factual allegations of Count 6 are sufficient to place ADS and DiBease on notice as to the nature of the claim embodied in that count. Discovery is necessary to determine whether the unnamed defendants indeed exist, and to clarify the nature of the relationships between ADS, DiBease, and any subsequently identifiable unnamed defendants. Therefore, the Motion to Dismiss will be denied with respect to Count 6.

**B.**

In the alternative, ADS and DiBease request a more definite statement as to Count 6, pursuant to Fed. R. Civ. P. 12(e).

Rule 12(e) allows a party to move for a more definite statement if a pleading is "so vague or ambiguous that the [moving] party cannot reasonably prepare a response." A party making a Rule 12(e) motion must "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). The prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion "'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003)(quoting *Sun Co. v. Badger Design & Constructors, Inc.*, 935 F. Supp. 365, 368 (E.D. Pa. 1996)). "It is not the function of 12(e) to provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery." *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 142-43 (D. Del. 1960). "The basis for granting such a motion is unintelligibility, not lack of detail." *Wood & Locker, Inc. v. Doran & Assoc.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989). The decision to grant a Rule 12(e) motion is "a matter committed largely to the discretion of the district court." *Clark*, 213 F.R.D. at 232.

The Court holds that Count 6 is sufficiently pled. The count is not vague, ambiguous, or unintelligible as would preclude ADS and DiBease from providing a good faith response.

Therefore, the Court will deny the alternative relief sought by ADS and DiBease.

**IV.**

For the reasons stated above, Defendants' Motion will be granted as to Count 5, and denied as to Count 6. The Court will issue an appropriate Order.

Dated: June __25__th, 2009

                                    __s/ Joseph E. Irenas__
                                    **JOSEPH E. IRENAS, S.U.S.D.J.**